953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Christopher GREELEY, Defendant-Appellant.
 No. 91-6247.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Phillip Greeley appeals an order of the district court denying his motion to correct his sentence. On appeal, Greeley asserts that the district court erred in its application of Sentencing Guidelines § 1B1.10. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Greeley contends that the amendment to Sentencing Guidelines § 2P1.1 should be applied retroactively, thereby reducing Greeley's potential range of punishment. Pursuant to § 1B1.10, the determination of whether to reduce a defendant's sentence is within the sound discretion of the district court. Section 1B1.10(a) provides that:
 
 
 4
 Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2).
 
 
 5
 Because § 2P1.1 falls within subsection (d) of § 1B1.10, we must proceed to examine 18 U.S.C. § 3582(c)(2).
 
 
 6
 Section 3582(c)(2) allows a district court to reduce a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a)," if the reduction would be consistent "with applicable policy statements issued by the Sentencing Commission." Thus, the decision to reduce a defendant's sentence is committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion.
 
 
 7
 After reviewing § 3553(a), the applicable policy statements issued by the Sentencing Commission, and the facts of this case, we cannot conclude that the district court abused its discretion in refusing to reduce Greeley's sentence.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3